# EXHIBIT "A"

## SETTLEMENT AGREEMENT

**Between**

**Zhejiang Jinko Solar Co. LTD**

and

**Thesan USA Corp.**

This Settlement Agreement (this "Agreement"), dated as of February 25th, 2019 (the "Effective Date"), is hereby entered into by and between **Zhejiang Jinko Solar Co. LTD**, a Chinese company ("**Jinko**"), on the one hand, and **Thesan USA Corp.**, a Delaware corporation ("**Thesan**"). (Each of the foregoing is also referred to as a "Party" and, together, as the "Parties.").

WHEREAS, Thesan, either directly or through one or more affiliates, subsidiaries or parents, has purchased various solar products from Jinko, but has failed to pay in full its obligations to Jinko for such purchases; and,

WHEREAS, Thesan's total obligations to Jinko and its affiliates, subsidiaries or parent companies, for such purchases equaled One Million Nine Hundred Ninety-One Thousand Twenty Dollars ($1,991,020) under China Export & Credit Insurance Corporation's ("CECIC") Claim No. EC201707910 ("Total Obligation");

WHEREAS, Savio S.p.A. executed a guarantee for all of Thesan's payment obligations to Jinko ("Savio Guarantee");

WHEREAS, Thesan has paid to date $400,000 towards the total obligation;

WHEREAS the total current outstanding obligation owed to Jinko is One Million Five Hundred Ninety-One Thousand Twenty Dollars $1,591,020 (the "Thesan Payment Obligation");

WHEREAS, the Thesan Payment Obligation remains outstanding as of the date of this Agreement;

WHEREAS, without any admission of liability, the Parties desire to settle this matter on the terms set forth herein; and,

NOW, THEREFORE, in consideration of the mutual promises herein contained, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Upon the full execution of this Agreement, and subject to the Condition Precedent (as defined below) having been met, Thesan will pay to Jinko, (i) on or before the date falling 30 days after the Effective Date the sum of $500,000 and, (ii) on or before the date falling 180 days

after the Effective Date the sum of $500,000 ((i) and (ii) jointly referred as the "Settlement Payment") in full settlement of the Thesan Payment Obligations, by wire transfer of immediately available funds to the trust account of Mazzola Law Firm, P.C. ("Mazzola Escrow") instructions as follows:

Mazzola Law Firm, P.C.
Attorney Trust Account IOLA
JP Morgan Chase Bank, N.A.
Routing No.: 021000021
Account No.: 293757636

All references to dollars in this Agreement mean United States Dollars. Payment will be considered made when it is received and credited to the Mazzola Escrow.

2. The second installment of the Settlement Payment under Article 1, point (ii) above shall be made upon satisfaction of the following condition precedent:

- delivery to Thesan of a statement in writing signed by a duly empowered representative of CECIC confirming that, after the Settlement Payment will be made, CECIC will waive any and all claims *vis-à-vis* Thesan and its affiliates, subsidiaries or parent companies, including Savio S.p.A.;

(the "Condition Precedent").

3. In consideration for Thesan's representation and warranty that it will satisfy all the terms and conditions set forth herein, Jinko - both directly and on behalf of its affiliates, subsidiaries or parent companies - agrees not to exercise or enforce any rights or remedies it may have against Thesan with respect to the Thesan Payment Obligation until the date falling 183 days after the Effective Date, provided, however, that upon the failure of Thesan to make payment in accordance with the terms set forth on Paragraph 1 will result in the full balance of the Thesan Payment Obligation to be due immediately and the Savio Guarantee will remain in full force and effect.

4. *Mutual Releases*: Effective upon payment of the Settlement Payment and satisfaction of the terms set forth in Paragraph 1, each Party - both directly and on behalf of their respective affiliates, subsidiaries or parent companies -, for and in consideration of all of the terms and conditions set forth in this Agreement, unconditionally and irrevocably remises, releases, waives, forever discharges and covenants not to sue the other Party or the other Party's employees, officers, shareholders, stockholders, directors, principals, agents, attorneys, parents, subsidiaries, affiliates, parent companies, insurers or their representatives, or their respective predecessors, successors, or assigns, of and from any and all losses, indemnities, suits, damages, interest, penalties, costs and claims of all natures and descriptions whatsoever in any way underlying or in any way whatsoever related directly or indirectly to the aforementioned matter (each a "Claim" and collectively the "Claims"). Jinko warrants and represents that it previously submitted its Claims to CECIC, that CECIC has approved of the terms of this Agreement, and

EC201707910ML Sinosure - 00032
Page 3 of 6

that the Settlement Payment and satisfaction of the terms set forth in Paragraph 1 by Thesan will fully satisfy all of Jinko's and CECIC's interests in the Claims and the Savio's Guarantee will terminate. Otherwise, each Party warrants and represents to the other Party that it has not granted or purported to grant to any other person or entity any interest whatsoever in any Claim, as security or otherwise, and that each Party's execution hereof does not require the consent of or notice to any other third party in order to be fully effective as to any Claim that may have existed in favor of either Party at any time. Each Party agrees that it shall indemnify, defend (with counsel satisfactory to the other Party) and hold harmless the other Party against any and all loss, liability, claim or expense, including attorneys' fees, that the other Party might incur as a result of any breach of this Paragraph 3 by the releasing Party or the assertion of any Claims or defenses related thereto.

5. This Agreement represents the entire agreement between the Parties; and supersedes any prior understandings or written or oral agreements between the Parties, with respect to the subject matter of this Agreement. This Agreement may not be altered, modified or changed in any manner except by a writing duly executed by the Parties stating that such writing is by its express terms an amendment to this Agreement.

Each Party represents and warrants that:

a. it, and/or its authorized agent, has read this Agreement, understands its contents, and is authorized to execute this Agreement; and,

b. it is authorized to bind the entity on behalf of which it is entering into this Agreement.

6. This Agreement shall be deemed to have been drafted jointly by the Parties. None of the terms or provisions of this Agreement shall be construed against any Party hereto on the basis of that Party's being sole drafter of the Agreement.

7. The Parties acknowledge that this Agreement has been entered into freely and voluntarily. Each of the Parties hereto had the opportunity to consult with counsel of its choosing prior to entering into this Agreement. Each Party further represents and warrants that he/she/it has carefully read and understood the terms and conditions of this Agreement, and that in entering into this Agreement, he/she/it has not relied upon any representations of any other Party, nor on the representation of any attorney not its own.

8. The Parties agree that this Agreement and each and every term contained herein are binding on the Parties and are admissible in a court of competent jurisdiction to enforce, interpret, and/or resolve any disputes between the Parties arising from, pertaining to, or relating to each and all of the terms, covenants and conditions contained in this Agreement.

EC201707910ML Sinosure - 00032
Page 4 of 6

9. The Parties agree that the terms of this Agreement and any discussions relating to the terms of this Agreement, the Total Obligation as well as the Thesan Payment Obligation and any information related to such matters, are and shall remain strictly confidential and the Parties agree that such terms and discussions, as well as the outstanding payment obligations of Thesan, shall not be disclosed by the Parties (including each Party's employees, officers, shareholders, stockholders, directors, principals, agents, attorneys etc.) to any other person unless authorized by the other Party in writing prior to such disclosure or any of the Parties' attorneys, accountants, or other professionals retained by either Party for the purpose of rendering advice to the Party so long as such persons are informed by such Party as to the confidential nature of such information and are directed by such Party to treat such information confidentially and to use it only in connection with their representation of the Party.

10. Each party agrees that any action, suit or other proceeding arising out of or in connection with this Agreement shall be commenced only in the state or federal courts sitting in New York and irrevocably submits to the exclusive jurisdiction of said courts. This Agreement shall be subject to, governed by and enforced and construed pursuant to the laws of New York State.

11. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, illegal, void, or unenforceable for any reason whatsoever, the remaining provisions hereof shall nevertheless continue in full force and effect without being impaired or invalidated in any way.

12. This Agreement may be executed in one or more counterparts, including facsimile or PDF copies thereof, each of which shall be deemed an original, and all of which together shall constitute one and the same document.

13. This Agreement and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Parties, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit modify, or otherwise affect the provisions hereof. None of the terms or provisions of this Agreement shall be deemed to have been abrogated or waived by reason of any failure or failures to enforce the same.

14. NOTICE: To the extent notice is required per this Agreement, the address and contact details for such notice will be as follows:

**To:    Zhejiang Jinko Solar Co. LTD**

Ruofei Xiang, Esq.
Mazzola Law Firm, P.C.
733 Third Avenue, 15th Floor, New York, NY, USA, 10017

EC201707910ML Sinosure - 00032
Page 5 of 6

<u>To:</u> <u>Thesan USA Corp</u>

1221, Brickell Avenue, Suite 1160, Miami, FL, USA, 33131
To the kind attention of Mr. Pierluigi Borgogna

[Signatures on following page]

EC201707910ML Sinosure - 00032
Page 6 of 6

IN WITNESS WHEREOF, the Parties have caused this Agreement to be entered into as of the Effective Date.

**Zhejiang Jinko Solar Co. LTD**

By: _____

Printed Name: Jean-Claude Mazzola

Title: Attorney Mazzola Law Firm, P.C.
On behalf of and authorized by Zhejiang Jinko Solar

**Thesan USA Corp.**

By: _____

Printed Name: Pierluigi Borgogna

Title: President

[Signature Page for Settlement Agreement]