UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-24346-WILLIAMS/MCALILEY

ZHEJIANG JINKO SOLAR CO., LTD.,

      Plaintiff,

v.

THESAN USA CORP.,

      Defendant.

_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

This is an action for damages for breach of contract. (ECF No. 1). To date, no attorney has filed a notice of appearance or a responsive pleading on behalf of Defendant Thesan USA Corp. On February 17, 2021, the Clerk entered a default against Thesan USA Corp. for failure to plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 27). Thereafter, Plaintiff Zhejiang Jinko Solar Co., Ltd. filed a Motion for Default Judgment against Thesan USA Corp., which the Honorable Kathleen M. Williams referred to me. (ECF Nos. 28, 31). Defendant has not filed a response and the deadline to do so has passed.

A default judgment is appropriate where, as here, a defendant has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(b)(2). However, "[e]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks and citation omitted). This standard is "akin to that necessary to survive a motion to

dismiss for failure to state a claim." *Id*. at 1245 (citation omitted).

Plaintiff sues to recover damages for Defendant's breach of the February 25, 2019 settlement agreement, as amended on July 9, 2020. (ECF No. 1). Plaintiff filed only the February 25, 2019 settlement agreement, (ECF No. 29-2); it did not file the amendment. If Plaintiff chooses to file an amended motion for entry of a default judgment, Plaintiff shall attach to its motion the relevant documents that support its entry of a default judgment, to include the July 9, 2020 amendment. Plaintiff's motion shall also include a memorandum of law that sets forth the law of contract that it relies upon and that identifies the factual allegations of the Complaint that support the claim for relief such that it is plausible on its face. *Surtain*, 789 F.3d at 1245.

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion for Default Judgment, (ECF No. 28), is **DENIED WITHOUT PREJUDICE**.

As a separate matter, it is not clear that Plaintiff properly served Defendant with the Complaint and Summons. The February 25, 2019 settlement agreement, (ECF No. 29-2), and Defendant's most recent annual report on Sunbiz.org, filed March 1, 2021, both state that Thesan USA Corp. has a principal address of 1221 Brickell Avenue, Suite 1160, Miami, Florida 33131, and its President and registered agent is Pierluigi Borgogna.

Plaintiff's return of service states that on January 14, 2021, the Complaint and Summons were served on "**BRIANNA BIRO** as **DOCUMENT SPECIALIST**" at an "alternate address" of 2415 North Monroe Street, Suite 810, Tallahassee, Florida 32301. (ECF No. 12). Plaintiff provides no explanation to support service of Defendant at the "alternate" Tallahassee address, much less information to understand what if any role

Brianna Biro has with Thesan USA Corp. Plaintiff offers only the vague statement that "[t]he first attempted service failed due to the fact that defendant could not be served at its designated address, as it could not be found there, and thus service had to be effectuated at an alternate address". (ECF No. 29 ¶ 6).

The Court's confidence is further undermined by the statement in the return of service that the process server was directed to serve the Complaint and Summons on Defendant at "**1221 Brickell Avenue, Suite 1160, *P.O. Box 6327, Tallahassee, FL 32314*.**" (ECF No. 12) (emphasis added). This obvious error introduces more confusion with its reference of a P.O. Box address in Tallahassee about which the Court knows nothing.

Plaintiff then contradicts itself with its sworn declaration of service stating that Plaintiff served, by regular mail, its Motion for Default Judgment on Defendant "at their principal address 1221 Brickell Avenue, suite 1160, PO Box 6327, Tallahassee FL 32314." (ECF No. 32).

Rule 4(h) of the Federal Rules of Civil Procedure states that unless federal law provides otherwise, a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant". Fed. R. Civ. P. 4(h)(1).

Rule 4(e)(1) – which governs service of individuals – states that unless federal law

provides otherwise, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Fed. R. Civ. P. 4(e)(1).

This leads us to the Florida statute regarding service on a corporation, which states:

> (1)   Process against any private corporation, domestic or foreign, may be served:
> (a)   On the president or vice president, or other head of the corporation;
> (b)   In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c)   In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d)   In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2)   If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> (3)(a)   As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.
> (b)   If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

Fla. Stat. § 48.081.

4

On this record, I **ORDER** that **no later than May 17, 2021**, Plaintiff file a memorandum of law that explains how the January 14, 2021 service of the Complaint and Summons was proper, with supporting proof by sworn declaration. If after careful review Plaintiff finds that service was not consistent with the Federal Rules of Civil Procedure, Plaintiff shall, by the same date, file a motion to strike the Clerk's Entry of Default, (ECF No. 27).

DONE and ORDERED in chambers at Miami, Florida this 30th day of April 2021.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Kathleen M. Williams
       Counsel of record

       Thesan USA Corp.
       1221 Brickell Avenue, Suite 1160
       Miami, FL 33131